```
          FILED            RECEIVED
          ENTERED          SERVED ON
                   COUNSEL/PARTIES OF RECORD

                    APR 11 2012

           CLERK US DISTRICT COURT
             DISTRICT OF NEVADA
BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FREDERICK LOUIS WARD,

    Plaintiff,

v.

GEMMA GREENE WALDRON,

    Defendants.

3:11-cv-00377-LRH-VPC

**ORDER**

April 11, 2012

Before the court is plaintiff's application for leave to proceed *in forma pauperis*, accompanied by his *pro se* civil rights complaint and exhibits, which he filed on May 26, 2011 and June 2, 2011 (#1, #3).[1] In his application and financial affidavit, plaintiff indicates that he receives $813.00 per month in disability benefits (#1, #1-2).[2] Plaintiff claims that his monthly expenses total $813.00. *Id.* Based upon the foregoing, the court grants plaintiff's application to proceed *in forma pauperis*. Plaintiff also submitted a motion for leave to file an amended complaint (#1-6) on May 26, 2011, with a proposed amended civil rights complaint filed on June 2, 2011 (#3). Plaintiff's original complaint (#1-4) has not yet been screened by the court or served upon the defendant.

Plaintiff may amend his complaint once as a matter of course because the defendant has not yet responded to his original complaint. Fed. R. Civ. P. 15(a). Accordingly, the court grants the motion for leave to file an amended complaint (#1-6) and will screen the amended complaint (#3). However, the court's preliminary review of plaintiff's amended complaint (#3) reveals that it fails to state a claim upon which relief may be granted in this court; therefore, the complaint is dismissed without prejudice and with leave to amend pursuant to this Order.

---

[1] Refers to the court's docket numbers.

[2] Plaintiff submits the District Court application to proceed without prepaying fees or costs and the Ninth Circuit's application to proceed *in forma pauperis*.

1  Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989), *cert. denied*, 498 U.S. 938 (1990).

In the instant case, plaintiff Frederick Louis Ward ("plaintiff"), alleges that his former attorney, defendant Gemma Greene Waldron, engaged in attorney malpractice when she "decided

to misrepresent to her client, when she knew that [defendants] had to be sued in their (individual capacities) in order to survive a motion to dismiss with prejudice; [and] fail[ed] to amend the civil rights complaint" (#3, p. 10). Plaintiff claims that defendant's acts "were not only neglectful, but intentional." *Id.* at 6. Plaintiff appears to argue that a conspiracy existed between defendant and the state, thus making defendant liable as a state actor, by concluding that defendant's conduct "clearly shows proof [of] her own interest and as individuals the defendants' interest." *Id.* at 10. Plaintiff sues defendant for attorney malpractice, misrepresentation, and breach of contract because she failed to amend his complaint in a prior law suit. *Id.* at 15. Plaintiff requests $150,000 for punitive damages, and $150,000 for compensatory and nominal damages, due to the emotional distress he suffered. *Id.* at 15.

Plaintiff's complaint fails to state sufficient facts to demonstrate a potential violation of his federal rights. Federal courts have original jurisdiction over a case when it is "founded on a claim or right arising under the Constitution, treaties or laws of the United States," or when the amount in controversy exceeds the sum of $75,000 and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. §§ 1331, 1332(a). Plaintiff claims that defendant engaged in attorney malpractice and a breach of contract. Without commenting on the viability of these claims, the court notes that they are not violations of federal law or the Constitution. Further, plaintiff does not allege that there is diversity of citizenship between himself and the defendant. Therefore, the court does not have jurisdiction to hear this case.

Even if the court did have jurisdiction to hear the case, plaintiff fails to show that defendant acted under color of state law. The "under color of state law" requirement of section 1983 is the equivalent to the "state action" element of the Fourteenth Amendment, *Green v. Dumke*, 480 F.2d 624, 628 (9th Cir. 1973), and, accordingly, section 1983 is not invoked by "purely private conduct." *District of Columbia v. Carter*, 409 U.S. 418, 424, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973). Here, defendant was plaintiff's private attorney, and plaintiff does not allege the state involvement necessary to transform the private acts of defendant into state action covered by section 1983.

The Ninth Circuit has held that a privately-retained attorney does not act under color of state

law for purposes of actions brought under the Civil Rights Act. *See Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972) (holding that an action under the Civil Rights Act for damages against defendant's retained attorney for alleged failure to render him reasonable assistance was not within the jurisdiction of district court). The Ninth Circuit also held that "[a] person may become a state actor by conspiring with a state official, or by engaging in joint activity with state officials." *See Price v. State of Hawaii*, 939 F.2d 702, 708-09 (9th Cir. 1991); *see also Sable Communications v. Pacific Tel. & Tel. Co.*, 890 F.2d 184, 189 (9th Cir. 1989). The joint action test requires a private party to be a "willful participant" with state actors, and the private party's actions must be "inextricably intertwined" with the state actors' actions in an activity that deprives an individual of his constitutional or federal rights. *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1211 (9th Cir. 2002). To be considered an act of joint activity with the state, the private actor needs to have some control over the state actors' decision making. *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1357 (9th Cir.1981). None of these forms of connection between defendant and the state is pled here.[3]

As set forth above, this court does not have jurisdiction to hear plaintiff's complaint. Even if the court did have jurisdiction, the facts as stated fail to state a claim under section 1983 because defendant is not a state actor. Therefore, it is recommended that plaintiff's application to proceed *in forma pauperis* (#1) be granted and that his amended complaint (#3) be dismissed without prejudice. Plaintiff is advised that a complaint pursuant to 42 U.S.C. § 1983 should set forth a concise statement of facts that demonstrate a violation of plaintiff's civil rights and should identify the specific individuals, acting under color of state law, responsible for the alleged violations.

---

[3] Moreover, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Plaintiff's allegations of a conspiracy do not contain sufficient factual allegations to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. Plaintiff's conclusory allegations that his former lawyer conspired with state officers are insufficient. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Price*, 939 F.2d at 708 (requiring more than "conclusionary allegations" to consider a private party a state actor for the purposes of section 1983) (citation and internal quotation marks omitted).

1    **IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (#1) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint (#3) is **DISMISSED WITHOUT PREJUDICE** and with leave to amend according to this Order. The Clerk shall send to plaintiff a blank form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is advised that pursuant to Local Rule 15-1, the amended complaint shall be complete in itself without reference to the previous complaint. Plaintiff shall write the words "second amended" above the title "civil rights complaint" on the form.

**IT IS FURTHER ORDERED** that plaintiff is **GRANTED** thirty (30) days from the date of entry of this Order within which to file a second amended complaint remedying, if possible, the defects in the complaint explained above. Plaintiff's failure to do so may result in the immediate dismissal of the entire action.

**DATED**: April 11, 2012.

/s/ Valerie P. Cooke
UNITED STATES MAGISTRATE JUDGE