UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FREDERICK LOUIS WARD ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> GEMMA GREENE WALDRON, ) <br> ) <br> Defendants. ) <br> _____ ) | 3:11-cv-00377-LRH-VPC <br><br> **REPORT AND RECOMMENDATION** <br> **OF U.S. MAGISTRATE JUDGE** <br><br> September 24, 2012 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's second amended civil rights complaint pursuant to 42 U.S.C. § 1983 (#8).[1] The court has thoroughly reviewed the record and recommends that plaintiff's second amended civil rights complaint be dismissed with prejudice.

The Court previously granted plaintiff's application for leave to proceed *in forma pauperis* (#1, #1-2) and dismissed plaintiff's amended complaint (#3) without prejudice to renew on the grounds that the amended complaint failed to state a claim upon which relief may be granted in this Court (#4). Plaintiff subsequently filed a second amended complaint (#8).[2]

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that

---

[1] Refers to the Court's docket numbers.

[2] The record reflects that plaintiff filed an incomplete version of his second amended complaint on May 10, 2012 (#6). The Court will assume that this filing was an error, and will screen the complaint filed on May 11, 2012 (#8), as the operative complaint.

"the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted . . .." 28 U.S.C. § 1915(e)(2)(B)(ii). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff Frederick Louis Ward ("plaintiff") alleges that his former attorney, defendant Gemma Greene Waldron, engaged in malpractice when she: (1) intentionally failed to amend

plaintiff's complaint in a prior lawsuit; and (2) did not timely request leave from the court to withdraw as plaintiff's counsel of record after plaintiff terminated her employment (#8, p. 5). Plaintiff also appears to argue that defendant was either working as a prosecutor when she accepted plaintiff's case, or that defendant engaged in "joint action" with unnamed "city, county, and state officials" by failing to amend plaintiff's complaint and failing to timely withdraw from representation. *Id*. at 4-5.  Plaintiff sues defendant for three counts of "obstruction of justice;" however, the facts alleged in the second amended complaint indicate that plaintiff is actually suing for attorney malpractice, misrepresentation, and breach of contract. *Id*. at 19-20. Plaintiff requests $150,000 in damages for the emotional distress he allegedly suffered as a result of defendant's actions. *Id*. at 9.

The Court finds that plaintiff's complaint fails to allege sufficient facts to demonstrate that this Court has jurisdiction over plaintiff's case. Federal courts have original jurisdiction over all civil actions "arising under the Constitution, treaties or laws of the United States," and actions in which the amount in controversy exceeds the sum of $75,000 and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. §§ 1331, 1332(a). Plaintiff claims that defendant engaged in attorney malpractice, misrepresentation, and a breach of contract.[3] Without commenting on the viability of these claims, the Court notes that these claims are not violations of federal law or the Constitution. Further, plaintiff does not allege there is diversity of citizenship between himself and defendant. Accordingly, the Court does not have jurisdiction over plaintiff's case.

Even if this Court had jurisdiction to decide plaintiff's case, plaintiff has not alleged sufficient facts to show that defendant acted under color of state law. "To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a

---

[3] Even if this Court were to accept that plaintiff is suing defendant for obstruction of justice, the Court finds that obstruction of justice is either a state law tort claim or a crime. Labeling a claim as "obstruction of justice" does not bring plaintiff's case within the jurisdiction of the federal courts, as only the U.S. Attorney can initiate criminal proceedings in federal court. *See Keenan v. McGrath,* 328 F.2d 610, 611 (1st Cir. 1964) (per curiam).

3

person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989), *cert. denied*, 498 U.S. 938 (1990). The "under color of state law" requirement of section 1983 is equivalent to the "state action" element of the Fourteenth Amendment. *Green v. Dumke*, 480 F.2d 624, 628 (9th Cir. 1973). Accordingly, section 1983 is not invoked by "purely private conduct." *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973).

Here, defendant was plaintiff's private attorney (#9) and plaintiff does not allege the state involvement necessary to transform defendant's private acts into state action covered by section 1983. *See Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972) (section 1983 does not support an action against a privately-retained attorney for damages for the attorney's alleged failure to render reasonable assistance, because a privately-retained attorney does not act under color of state law). The Ninth Circuit has found that "[a] person may become a state actor by conspiring with a state official, or by engaging in joint activity with state officials." *See Price v. State of Hawaii*, 939 F.2d 702, 708-09 (9th Cir. 1991); *see also Sable Communications v. Pacific Tel. & Tel. Co.*, 890 F.2d 184, 189 (9th Cir. 1989). The joint action test requires a private party to be a "willful participant" with state actors, and the private party's actions must be "inextricably intertwined" with the state actors' actions in an activity that deprives an individual of his constitutional or federal rights. *Brunette v. Humane Society of Ventura County*, 294 F.3d 1205, 1211 (9th Cir. 2002). To be considered an act of joint activity with the state, the private actor needs to have some control over the state actors' decision making. *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1357 (9th Cir.1981).

Here, plaintiff asserts that defendant engaged in "joint action" with unnamed "state actors" (#8, p. 4). However, plaintiff has not alleged specific facts showing how defendant's conduct was so "inextricably intertwined" with the state actors' conduct as to deprive plaintiff of a federal or constitutional right. Plaintiff's conclusory allegations that his former privately-retained attorney conspired with unnamed "city, county, and state officials" are insufficient to state a claim for relief under 42 U.S.C. § 1983. *See Ashcroft*, 556 U.S. at 678 ("pleading that

4

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'") (internal citations omitted); *see also Price*, 939 F.2d at 708 (requiring more than "conclusionary allegations" to consider a private party a state actor for purposes of section 1983).

As set forth above, this Court does not have jurisdiction over plaintiff's case. In addition, even if this court had jurisdiction over plaintiff's case, the facts as stated fail to state a claim under 42 U.S.C. § 1983 because defendant is not a state actor. Accordingly, the Court recommends that plaintiff's second amended complaint (#8) be **DISMISSED WITH PREJUDICE**.

The parties should be aware of the following:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**IT IS THEREFORE RECOMMENDED** that plaintiff's second amended complaint (#8) be **DISMISSED WITH PREJUDICE**. Leave to amend is not appropriate because it is clear that plaintiff's second amended complaint fails to state a claim upon which relief in this Court may be granted, and that the deficiencies cannot be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**DATED**: September 24, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**